1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9   ROBERT W. OLSON,                         )           Case No. 2:18-cv-00201-APG-NJK
                                             )
10                  Plaintiff(s),            )
                                             )           ORDER REGARDING BRIEFING
11  v.                                       )           SCHEDULE FOR DISCOVERY
                                             )           MOTIONS
12  CONVERGENT OUTSOURCING, INC.,            )
                                             )
13                  Defendant(s).            )
    ─────────────────────────────────────── )

14          Concurrently herewith, the Court is entering a scheduling order.  The Court issues this order to

15  advise the parties that discovery motions filed in this case will not be briefed according to the default

16  schedule outlined in Local Rule 7-2(b), but will instead be briefed on shortened deadlines absent leave

17  from the Court, *see* Local Rule IA 1-4 (the Court may alter the local rules).

18          "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*,

19  116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible,

20  and should seek judicial intervention "only in extraordinary situations that implicate truly significant

21  interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  Generally

22  speaking, discovery disputes may be presented to the Court only after completion of a pre-filing

23  conference. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

24  This pre-filing conference is not a mere technicality.  Instead, the parties must "personally engage in

25  two-way communication . . . to meaningfully discuss each contested discovery dispute in a genuine

26  effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166,

27  171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to

28  resolve issues by agreement or to at least narrow and focus matters in controversy before judicial

resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this

obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a

formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties

"present to each other the merits of their respective positions with the same candor, specificity, and

support during the informal negotiations **as during the briefing of discovery motions**." *Id*. (emphasis

added).

Given the robust requirements for a pre-filing conference, there should be no need for discovery

motions to be briefed pursuant to the default deadlines in the local rules in the vast majority of cases.

Quite simply, even before a discovery motion is filed, the parties must have developed their respective

arguments and must possess the relevant legal authority supporting those positions.[1] The Court therefore

**ORDERS** that, absent leave for an extension being granted, **the responses to a discovery motion shall**

**be filed within 4 days of the service of that motion and any reply shall be filed within 2 days of the**

**service of the response.**[2]

---

[1] Indeed, some courts require discovery disputes to be presented through a joint filing. *See, e.g.*, C.D. Cal. Local Rule 37-2. While the Court will not require a joint statement, the parties may stipulate to filing one. Any such joint statement must separately address each disputed discovery request, providing the text of the request, the specific objection(s) to it, the arguments of the party opposing discovery supporting each objection, and the discovering parties' arguments opposing each objection. *Cf.* C.D. Cal. Local Rule 37-2.1 (outlining similar procedure for presenting discovery disputes in the form of joint stipulations). The parties must meaningfully develop their arguments; merely identifying an objection or response thereto will not suffice. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). The page limitations established in the local rules will not apply to joint statements, but counsel must be as concise as possible. The joint statement must be complete in itself. The parties may not incorporate by reference arguments made elsewhere. The joint statement shall attach any declarations or exhibits that the parties wish to be considered. The joint statement shall be docketed as a "Stipulation for Order Resolving Discovery Dispute."

[2] The normal rules regarding calculating deadlines apply. No extra days will be added when service is completed electronically through CM/ECF, but three days will be added to the deadlines in cases in which service is completed by means enumerated in Rule 6(d) of the Federal Rules of Civil Procedure. Intervening weekend days and Court holidays count toward the deadline imposed. Fed. R. Civ. P. 6(a)(1)(B). To the extent a deadline set herein falls on a weekend or Court holiday, the filing is due on the next day that is not a Saturday, Sunday, or Court holiday. *See* Fed. R. Civ. P. 6(a)(1)(C). The Court reminds the parties that the CM/ECF system may automatically generate deadlines that are inconsistent with this order and, in such instances, this order controls. *See* Local Rule IC 3-1(d).

To the extent a more expedited briefing schedule is required under the circumstances or an order resolving the dispute is required within a shortened time, the discovery motion shall be filed in accordance with the requirements for emergency motions. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1140-43.[3]

In the event a discovery dispute involves a non-party, the party involved in that dispute must provide the non-party with a copy of this order during the pre-filing conference and must certify that fact with its own filing.

IT IS SO ORDERED.

DATED: June 4, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] This order and the deadlines set out herein do not apply to motions seeking only discovery sanctions, as the pre-filing conference requirements do not apply to such motions. *See, e.g.*, *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Maintenance Assoc.*, 316 F.R.D. 327, 335-46 (D. Nev. 2016).